UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CARLTON PARKS                                    CIVIL ACTION

VERSUS                                           NUMBER: 12-0297

BURL CAIN, WARDEN                                SECTION: "F"(5)

## REPORT AND RECOMMENDATION

Pursuant to a limited remand by the United States Court of Appeals for the Fifth Circuit and a subsequent order of reference by the presiding District Judge (rec. docs. 25, 26), this matter comes before the Court for the purpose of determining whether Parks' notice of appeal was timely-filed.  (Rec. doc. 20).

In the interest of judicial economy, the Court will recite here only those matters that are necessary to resolve the issue *sub judice*.  On February 6, 2014, judgment was entered dismissing with prejudice Parks' petition for issuance of a writ of habeas corpus under 28 U.S.C. §2254.  (Rec. doc. 18).  As noted in the Fifth Circuit's order of limited remand, pursuant to Rule 4(a)(1)(A) and 26(a)(1) of the Federal Rules of Appellate Procedure, the final day for filing a timely notice of appeal with respect to the foregoing judgment was March 10, 2014.  (Rec. doc. 25, p. 1).  Petitioner's notice of appeal in the present case, while dated March 10, 2014, was not transmitted to the Clerk of Court and formally filed in the record until March 13, 2014.  (Rec. doc. 20).  Because there was insufficient information in the record to determine when Parks tendered his notice of appeal to prison officials to be mailed to the court, the case was remanded for that purpose.  (Rec. doc. 25).

Rule 4(c)(1) of the Federal Rules of Appellate Procedure provides as follows:

> **(c) Appeal by an Inmate Confined in an Institution.**
>
> (1) If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing.  If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule.  Timely filing may be shown by a declaration in compliance with 28 U.S.C. §1746 or by a notarized statement, either of which much set forth the date of deposit and state that first-class postage has been paid.

At the Court's request, Parks has submitted a "Declaration of Timely Filing," supported by an affidavit that is also sworn to under penalty of perjury, in which he states, *inter alia*, that he ". . . placed [his] Notice of Intent to Appeal in the U.S. Mail Box located in the Main Prison between the hours of 9:00 p.m. and 10:00 p.m. on March 10, 2014" and that ". . . the correct postage was affixed to said envelope, which was addressed to the U.S. Eastern District Court."  (Rec. doc. 28, p. 5).  After being afforded the opportunity to do so, the State has not challenged the accuracy of the representations made in Parks' declaration. That being the case, because the declaration provided by Parks sufficiently complies with the requirements of Rule 4(c)(1) and indicates that his notice of appeal was tendered to prison officials for mailing to the court on the last day for him to timely do so, it will be recommended that his notice of appeal be deemed to be timely-filed.  *See Williams v. Cain*, No. 05-CV-0206, 2006 WL 2038166 (E.D. La. July 19, 2006).

## RECOMMENDATION

For the foregoing reasons, it is recommended that petitioner's notice of appeal (rec. doc. 20) be deemed to be timely-filed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within

fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 28th day of October , 2014.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE